UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT MCCOMB, | : | Case No. 3:20-cv-369 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| DOMINIUM PROPERTY | : | |
| MANAGEMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is presently before the Court upon the Motion to Dismiss (Doc. #46) filed by Defendants Dominium Property Management, Karen Stegall, Kirsten Dottillis, Alicia Lake, Karen Kline, and Douglass Turner (collectively, the "Dominium Defendants"). In response to the motion, Plaintiff filed a memorandum in opposition (Doc. #48), and the Dominium Defendants replied (Doc. #51). Thus, the motion is ripe for review.[2]

### I.    Background

Plaintiff filed the instant case against the Dominium Defendants, Defendant Larry Lasky, Penny Magos, and "Melody Jane Doe aka formerly Melody Morris" on September 2, 2020. (Doc. #s 1, 4).  Before all of the defendants had responded, on November 16, 2020, Plaintiff filed his first motion for leave to file an amended complaint in order to add details related to his claims

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] Defendant Lasky has separately filed a Motion to Dismiss Pursuant To Civil Rule 12(B)(6) on the basis that Plaintiff has failed to state a claim upon which relief may be granted against him. (Doc. #40), which is also ripe for review. Additionally, Plaintiff has filed a Motion for Summary Judgment (Doc. #54) to which the Dominium Defendants have filed a response (Doc. #63), and Plaintiff has filed a reply (Doc. #64).  For the reasons explained below, the merits of these motions need not be addressed because of the undersigned's recommendation that Plaintiff's Third Amended Complaint (Doc. #39) be dismissed with prejudice.

against Defendants Lasky, Dottillis, and Lake. (Doc. #18).  The very next day, Plaintiff filed a second motion for leave to file an amended complaint as well as a request for leave to remove Penny Magos and "Melody Jane Doe aka Melody Morris" as defendants. (Doc. #21).  In order to better understand the nature of Plaintiff's requests, Magistrate Judge Kimberly A. Jolson ordered Plaintiff to file a proposed second amended complaint. (Nov. 23, 2020 Notation Order). Accordingly, Plaintiff filed a Proposed Second Amended Complaint on December 9, 2020 ("Second Complaint").  (Doc. #31). In response, Defendant Lasky filed a memorandum in opposition, objecting to, among other things, Plaintiff's designation of the parties. (Doc. #32).

Thereafter, the case was transferred to the undersigned. (Doc. #33). Upon review of the relevant filings, the undersigned issued an Order on August 9, 2021, concluding that Defendant Lasky's objections to Plaintiff's Second Complaint were well-taken and identifying additional deficiencies in Plaintiff's proposed pleading. (Doc. #35).  In particular, the Court noted that Plaintiff's Second Complaint sought to assert claims on behalf of Plaintiff's family members and to certify the matter as a class action lawsuit. (Doc. #35, *PageID* #s 535-36). In light of the fact that Plaintiff is a *pro se* litigant, the Court held that these claims were improper because Plaintiff could not represent parties other than himself.  *Id.*  As a result, in granting Plaintiff's request for leave to file an amended complaint, the Court indicated that the Second Complaint filed by Plaintiff was improper and granted leave to file a new amended complaint correcting these deficiencies. *Id.*

Additionally, the Court directed Plaintiff that "any proposed complaint must comply with Federal Rule of Civil Procedure 8[,]" meaning that it "must contain, among other things, 'a short and plain statement showing that [he] is entitled to relief.'" *Id.* at 536 (quoting Fed. R. Civ. P. 8(a)(2)).  Here, the Court specifically advised Plaintiff that the allegations contained in his proposed complaint "must be simple, concise, and direct." *Id.* (quoting Fed. R. Civ. P. 8(d)(1)).

Further, with regard to Plaintiff's request to "subtract third party Defendant's Penny Magos and Melody Jane Doe aka formerly Melody Morris[,]" the Court granted Plaintiff's request to remove these defendants. *Id*. at 537. However, Plaintiff was also informed that "he cannot reserve the right to add the parties back[]" and that if he later "seeks to add parties, he must comply with the Federal Rules of Civil Procedure." *Id*. With these defects outlined, Plaintiff was ordered to file a new proposed amended complaint by August 26, 2021. *Id*. at 536.

When Plaintiff failed to file an amended complaint or request an extension of time for his filing, the Court ordered Plaintiff to either file an amended complaint that complied with the Court's prior Order or to show cause no later than September 23, 2021 why the undersigned should not recommend that this case be dismissed for failure to prosecute. (Doc. #38). In this Order, the undersigned advised Plaintiff that failure to comply with the Court's Order could result in dismissal. *Id*. As a result, Plaintiff filed another amended complaint on September 14, 2021 ("Third Complaint"). (Doc. #39).

Shortly thereafter, the Dominium Defendants filed the instant motion to dismiss asserting that Plaintiff's Third Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and this Court's orders and, therefore, should be dismissed.

## II.  <u>Standard of Review</u>

The Federal Rules of Civil Procedure provide that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). While the standard for what constitutes "a short and plain statement" will inevitably vary depending on the circumstances and complications of a given case,

"Rule 8 proscribes [] *obfuscation* of the plaintiff's claims." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (internal citations omitted). As the Sixth Circuit has vividly stated, neither the courts nor defendants should have to "'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Id.* (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Accordingly, in determining whether a pleading violates Rule 8, "[t]he key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is disguised." *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969), quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)) (internal quotation marks omitted).

Further, once a complaint is found to have violated Rule 8, the court must assess the appropriate remedy. Generally, the chosen remedy is an opportunity to amend the pleading to bring it into compliance with Rule 8 as opposed to immediate dismissal. *Id.* at 652-653. However, dismissal with prejudice is warranted in certain cases, such as when the court "has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance." *Id.* at 653. (citations omitted); *see also Plymale v. Freeman*, 1991 WL 54882 (6th Cir. 1991) (affirming dismissal with prejudice for failure to comply with Rule 8). This sanction is also appropriate in cases where an "amended complaint indicates a basic inability or unwillingness to comply with the district court's orders[,]" especially when the court had previously warned the plaintiff that noncompliance could result in dismissal. *Id.* (citations omitted). In short, a court "need not have infinite patience" and is entitled to dismiss a complaint with prejudice when a plaintiff exhibits a "[p]ersistent or vexatious refusal to follow the rules." *Id.*

## III.   Discussion

In their Motion, the Dominium Defendants contend that Plaintiff's Third Complaint should be dismissed due to Plaintiff's failure to comply with the Court's August 9, 2021 (Doc. #35) and

4

September 2, 2021 (Doc. #38) Orders as well as Rule 8 of the Federal Rules of Civil Procedure. (Doc. #46, *PageID* #s 701-705).  The Court will address each of these arguments in turn.

As noted above, the undersigned issued an Order on August 9, 2021, which granted Plaintiff's request to amend his pleading but specified certain defects that needed to be cured in any such amendment. (Doc. #35, *PageID* #s 534-37).  One of these defects addressed Plaintiff's impermissible attempt to represent his family and members of a class action. *Id*. at 535-36.  In the August 9, 2021 Order, the undersigned informed Plaintiff that as a *pro se* litigant, he could not represent parties other than himself.  *Id*.  In drafting the Third Complaint, Plaintiff removed the references to his sons by name as well as the section addressing class certification. (*Compare* Doc. #31, *PageID* #s 439, 442-43 *with* Doc. #39). However, Plaintiff did not remove several references to his "family" and "family members," including statements which assert that he and his family had been discriminated against and that his family's rights have been violated (Doc. #39, *PageID* #s 547, 565, 596-600, 604).  In fact, in his prayer for relief, Plaintiff requests damages associated with the discrimination suffered by both him and his family. *Id*. at 613. Plaintiff also appears to be asserting claims on behalf of another tenant, "Beverly Butler," (Doc. #39, *PageID* #s 561-64, 602), which would also run afoul of the Court's instruction to Plaintiff that he cannot represent other parties.

Similarly, in granting Plaintiff's request to remove defendants "Penny Magos and Melody Jane Doe aka formerly Melody Morris," the undersigned specifically advised Plaintiff that he could not "reserve the right to add the parties back[]" and that if he later "seeks to add parties, he must comply with the Federal Rules of Civil Procedure." (Doc. #35, *PageID* #537).  Despite this, Plaintiff's Third Complaint is replete with references to Penny Magos and Melody Morris. (Doc.

#39, *PageID* #s 545-47, 551-59). Indeed, Plaintiff specifically references either Ms. Magos or Ms. Morris on approximately 12 different pages. *Id*.

In response, Plaintiff explains that his failure to cure the deficiencies outlined in the Court's Orders were the result of poor "cut and paste[]" jobs and were made "indirectly or without defiance of the Court order[.]" (Doc. #48, *PageID* #713). Plaintiff also states that he "in good faith and as order[ed] by this Court removed what Counsel is complaining about[]" but inadvertently failed to remove references to Ms. Magos and Ms. Morris in the "caption pages." *Id*. However, as noted above, Plaintiff's references to these former defendants are not simply limited to the "caption pages" as he alleges but, rather, appear across 12 pages of the Third Complaint, including numerous paragraphs containing specific factual allegations related to Ms. Magos or Ms. Morris. (*See* Doc. #39, *PageID* #s 547, 553-59).

Moreover, Plaintiff's assurances that he attempted to comply with the Court's Order is undermined by the very fact that he tried to resolve the deficiencies by "cut[ing] and past[ing]" from the very pleading that the Court had identified as not conforming with Rule 8. Indeed, in its August 9, 2021 Order, the Court specifically instructed Plaintiff to reformulate his pleading to comply with Federal Rule of Civil Procedure 8, highlighting that his allegations needed to be "simple, concise, and direct." (Doc. #35, *PageID* #536). Here, Plaintiff argues that he did comply with Rule 8 and that his Third Complaint should not be dismissed or stricken simply because Defendants do not understand it. (Doc. #48, *PageID* #722). According to Plaintiff, the claims set forth in his Third Complaint are clear, stating:

> "As Plaintiff stated Defendant' s et al and Larry Lasky committed Federal Housing Violation in a direct discriminatory manner, in their individual capacity and jointly what more clearer do Defendant et al counsel needs Plaintiff to state. Plaintiff Civil Complaint is matter before this Honorable as an "Federal Question of Law" of the asserted facts purported."

6

*Id.* (errors in original).

Contrary to his contentions, Plaintiff's Third Complaint is not as straightforward as he believes.  In fact, Plaintiff's Third Complaint consists of 72 pages of single-spaced, difficult-to-follow allegations, spanning 137 numbered paragraphs with 33 referenced "attached exhibits," which were, in fact, not attached. (*See* Doc. #39). Notably, this is not a great departure from his 80-page First Complaint or his 71-page Second Complaint. (Doc. #s 4, 31).

As for the substance of the Third Complaint, it is separated into several sections, including a "Preliminary Statement Regarding Actions of the Voyageur Apartment and Dominium Property Management Servicers LLC-Dominium Group," statements on jurisdiction, venue, and the parties, a section on "Material of Facts," 8 causes of action, and a prayer for relief. *Id*. The bulk of the Third Complaint falls under the section "Material of Facts," which consists of a confusing and intertwining mix of facts, law, arguments, and summarized communications between the parties. (*See* Doc. #39, *PageID* #s 552-604). From what the Court can discern, Plaintiff's allegations stem from his apartment complex's notice that his rental rate was increasing at the end of his lease and that his Section 8 provider was not willing to pay the increase. *See id.* at 553-612. Plaintiff also describes instances of discrimination under the Americans with Disabilities Act.  *See id*. at 559-61; 603-07.

However, the true extent of Plaintiff's claims is muddied by the confusing and prolix manner in which he presents his claims. For instance, instead of attaching a referenced correspondence as an exhibit, Plaintiff has a vexing habit of retyping what appears (or at least purports) to be communications he has had with Defendants directly into the text of his Third Complaint.  Plaintiff's apparent aversion to the use of quotation marks or other forms of differentiation makes it challenging to distinguish the correspondence from his separate arguments

7

and other factual allegations. For example, in Paragraph 115 of the Third Complaint, Plaintiff

provides:

> **September 18, 2020**, Plaintiff McComb asserts that one year later and thereafter, the initiating of this federal law suit to gain compliance third party Defendant Karen Stegal via email Plaintiff McComb advising Plaintiff that Defendant Alicia Lake, Manager indicated Plaintiff were requesting a reasonable accommodation for the trash dumpster. Is this correct? If so I will send you necessary forms we require. **[See Attached Exhibit #32]**[3]

(Doc. #39, *PageID* #603) (emphasis and errors in original).

At times, these "reproduced" communications often continue on for several pages and

contain references to both the facts and the law, making it difficult to discern whether Plaintiff is

providing the contents of the communication as part of the underlying factual basis for his claims

or if he is also attempting use these communications to set forth his actual legal claims. Take for

example what appears to be a reproduction of an August 17, 2020 letter from Plaintiff to Defendant

Lasky, which starts in Paragraph 92 of the Third Complaint and is separated out over the next 9

pages in Paragraphs 92 through 99. (Doc. #39, *PageID* #s 584-92). Within these Paragraphs (and

corresponding subparagraphs) are a combination of factual allegations against Defendant Lasky,

excerpts from case law, and numerous statutory and regulatory provisions. *See id*. Not

surprisingly, this mode of operation makes it very difficult for Defendants and the Court to

understand what Plaintiff is intending to use as context for his pending claims versus what is being

alleged as actual claims. This distinction is particularly significant in light of Defendants'

obligation to respond to Plaintiff's Third Complaint by "(A) stat[ing] in short and plain terms its

defenses to each claim asserted against it; and (B) admit[ting] or deny[ing] the allegations asserted

against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

---

[3] As with all exhibits referenced in Plaintiff's Third Complaint, "Attached Exhibit #32" was not attached to the filing.

Plaintiff's habit of transcribing communications directly into the text of his Third Complaint is not limited to his written communications with Defendants. Rather, Plaintiff also devotes 10 pages of his Third Complaint to what appears to be his attempt at transcribing an audio recording of a meeting he had with some of the Defendants. (Doc. #39, *PageID* #s 567-77).  Like the others, the relevance of this communication, if any, is not apparent.

Even when Plaintiff attempts to summarize (as opposed to transcribe) his encounters with Defendants, his tendency to ramble and include unnecessary details make it very difficult to ascertain which facts, if any, have legal significance. To illustrate, Plaintiff alleges the following in Paragraph 77:

> Plaintiff advised third party Defendant Lasky, rather you agreed with the contents of the information that was served upon your Defendants Lasky client of their obligation to abide and cease any and all discriminatory practices it is Defendant Lasky lawful responsibility, as the "agent" to the principal and to the "agents" of the principal to informed them to cease the discriminatory particles or Defendant Lasky shall be added as a third party Defendant to the principal Defendant Lasky responded looking Im pissing my leg.

(Doc. #39, *PageID* #580) (errors in original).

Following these 53 pages of "Material of Facts," Plaintiff sets forth 8 causes of action. (Doc. #39, *PageID* #s 605-12).  Preceding most of these causes of action is a header, which sets forth in either words or citations the claim or claims Plaintiff appears to be trying to assert. *See id*. Each header is then followed by Plaintiff's explanation of the claim(s), which are accompanied by little to no supporting facts and are often pled alongside additional vague or conclusory claims that were not included as claims in the overarching header. For example, in the header of Plaintiff's first cause of action, he cites to 42 U.S.C. § 1983 and 18 U.S.C. § 241 and § 242. (Doc. #39, *PageID* #605).  In the paragraph that follows, Plaintiff seems to not only add additional claims,

9

but also fails to set forth any factual allegations that provide a basis for a viable cause of action

under these laws. Specifically, Plaintiff's first cause of action states:

> 118.    Plaintiff hereby repeats, reallege, and incorporate by reference paragraphs
> 1-117 as though restated herein. As result of Defendant' s et al., and their Agents
> actions against Plaintiff Robert McComb did violate Plaintiff McComb
> Constitutional Rights under 5th and 14th Amendment of the Organic Constitution,
> Title VI of Civil Rights Act, Section 504 of the Rehabilitation Act, 18 USC Section
> 245(b)(2) Federal Protected Rights, 18 U.S.C. 241 Conspiracy Against Rights, and
> 42 U.S.C. 3631 Criminal Interference with Rights to Fair Housing and Fair Housing
> Act when Defendant et al and their Agents knowingly conspired jointly to deny,
> injure, oppress, threaten, interfere or intimidate and terminate Plaintiff residency
> […] for exercising his rights to fair housing and attempt to enjoyment of this right
> and privilege afforded and protected by the Fair Housing Act.

(Doc. #39, *PageID* #s 605-06) (errors in original).

There are a number of confusing aspects to this "cause of action."  First, while Plaintiff

clearly identifies 42 U.S.C. § 1983 and 18 U.S.C. § 241 and § 242 as the statutes he intends to

assert in his first cause of action, he also references several other statutes without any factual

development to support these as potential claims. Additionally, as to the statutes that Plaintiff does

identify as the basis for this cause of action, two of them, 18 U.S.C. § 241 and § 242, are criminal

statutes that do not provide an independent private right of action. *See Robinson v. Overseas*

*Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (affirming dismissal of plaintiff's claims

under § 242 because this "criminal statute[ ] ... do[es] not provide [a] private cause[ ] of action").

Further, to extent that Plaintiff is attempting to assert a § 1983 claim in this count, he fails to set

forth sufficiently specific factual allegations to put Defendants on adequate notice of the conduct

he believes to serve as the basis for this claim. *See Asbury v. Bisig*, 70 F. App'x 247, 249 (6th Cir.

2003) ("A complaint must contain allegations regarding all the material elements to sustain a

recovery under some viable theory."). Similarly, his repeated use of the generic reference to

"Defendants and their "Agents" without specifying which Defendants are at fault is inappropriate

10

in the context of a § 1983 claim where defendants "can be held liable only on their own unconstitutional behavior." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012); *see also Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir.1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants").

Plaintiff's remaining causes of action contain similar problems, including referencing claims or statutes in the text of the section that not only differ from those identified in the respective header but also are accompanied by vague or confusing factual allegations or simply no factual development at all. (*See* Doc. #39, *PageID* #s 606-12). Plaintiff also cites several additional claims or statutes that either do not exist or do not provide a private cause of action. *See id*.

In short, Plaintiff's Third Complaint is so "verbose, confused and redundant that its true substance, if any, is disguised." *Kensu,* 5 F.4th at 651. Moreover, this is not the first pleading that Plaintiff has filed containing unnecessary prolixity. As noted previously, Plaintiff's prior two complaints were just as long or shorter than his Third Complaint. Further, despite Plaintiff's assurances otherwise, the uncured deficiencies remaining in his Third Complaint suggest a basic inability or unwillingness to comply with the Court's orders, thus warranting dismissal.

In so finding, the undersigned acknowledges that "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Marting v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nonetheless, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedures. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Song v. Gipson*, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); *Brown v. Matauszak*, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se*

complaints for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading;'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her.").

In this case, Plaintiff has been afforded more than one opportunity to amend his complaint, has been directed to correct the defects identified in his prior pleading—including the "short and plain statement" mandate of Rule 8—and has been specifically advised that failure to comply could result in dismissal of his case.  Despite this, Plaintiff has filed yet another prolix and confusing pleading, preventing both the Court and the Defendants from being able to readily identify the claims asserted. Accordingly, the undersigned **RECOMMENDS** that the Dominium Defendants' Motion to Dismiss (Doc. #46) be **GRANTED** and that Plaintiff's Third Complaint (Doc. #39) be **DISMISSED** for failure to comply with the Federal Rules of Civil Procedure.

Additionally, the Court notes that Defendant Lasky has separately filed a Motion to Dismiss Pursuant To Civil Rule 12(B)(6) on the basis that Plaintiff has failed to state a claim upon which relief may be granted against him. (Doc. #40). Plaintiff, in turn, has filed a Motion in Opposition to Defendant's Motion to Dismiss and to Strike Attorney Roderer's Motion to Dismiss Brief (Doc. #44), which the undersigned construes as a response to Defendant Lasky's motion.

However, because the foregoing analysis applies equally to Defendant Lasky as it does the Dominium Defendants and serves to dismiss Plaintiff's claims against him, the Court finds it unnecessary to address the specific arguments raised in either of these motions. As a result, the undersigned also **RECOMMENDS** that Defendant Lasky's Motion to Dismiss Pursuant to Civil

Rule 12(B)(6) (Doc. #40) and Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and to Strike Attorney Roderer's Motion to Dismiss Brief (Doc. #44) be **DENIED WITHOUT PREJUDICE TO RENEWAL** pending the disposition of this Report and Recommendations.

Similarly, Plaintiff's Motion for Summary Judgment (Doc. #54) is also ripe for review. However, for the reasons explained above and the fact that there is no operative complaint in this case for Plaintiff to move for summary judgment on, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. #54) be **DENIED WITHOUT PREJUDICE TO RENEWAL** pending disposition of this Report and Recommendations.

## IV.    Conclusion

The undersigned has informed Plaintiff on two separate occasions that his failure to comply with the Court's orders and the Federal Rules of Civil Procedure could result in dismissal of his case. (Doc. #s 35, 38).  Plaintiff's Third Complaint does not conform with Rule 8 of the Federal Rules of Civil Procedure or the Court's August 9, 2021 Order, thus warranting dismissal.

**IT IS THEREFORE RECOMMENDED THAT**:

1.    The Dominium Defendants' Motion to Dismiss (Doc. #46) be **GRANTED**;

2.    Plaintiff's Third Complaint (Doc. #39) be **DISMISSED WITH PREJUDICE**;

3.    Defendant Lasky's Motion to Dismiss Pursuant to Civil Rule 12(B)(6) (Doc. #40) be **DENIED WITHOUT PREJUDICE TO RENEWAL**;

4.    Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and to Strike Attorney Roderer's Motion to Dismiss Brief (Doc. #44) be **DENIED WITHOUT PREJUDICE TO RENEWAL**;

5.      Plaintiff's Motion for Summary Judgment (Doc. #54) be
        **DENIED WITHOUT PREJUDICE TO RENEWAL**; and

6.      The case be terminated on the Court's docket.


August 30, 2022                         *s/Peter B. Silvain, Jr.*
                                        Peter B. Silvain, Jr.
                                        United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).