IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT MCCOMB,<br><br>    Plaintiff,<br><br>v.<br><br>DOMINIUM PROPERTY MANAGEMENT, et al.,<br><br>    Defendants. | :<br>:<br>:   Case No. 3:20-cv-369<br>:<br>:   JUDGE WALTER H. RICE<br>:<br>: |

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #68); MOTION TO DISMISS BY DEFENDANTS DOMINIUM PROPERTY MANAGEMENT, KAREN STEGALL, KIRSTEN DOTTILLIS, ALICIA LAKE, KAREN KLINE AND DOUGLASS TURNER (DOC. #46) FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8 IS SUSTAINED AND DEFENDANTS' ALTERNATIVE MOTION TO STRIKE PURSUANT TO FED. R. 12(f) IS OVERRULED AS MOOT; PLAINTIFF'S THIRD COMPLAINT (DOC. #39) IS DISMISSED WITHOUT PREJUDICE; DEFENDANT LARRY LASKY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (DOC. #40), PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT LASKY'S MOTION TO DISMISS AND TO STRIKE ATTORNEY RODERER'S MOTION TO DISMISS BRIEF (DOC. #44), PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #54) AND THE JOINT MOTION TO CONTINUE DEFENDANTS' RESPONSE TO DOCUMENT 65 FILED BY PLAINTIFF AND REQUEST FOR STATUS CONFERENCE (DOC. #66), ARE EACH OVERRULED AS MOOT; SHOULD PLAINTIFF DECIDE TO REFILE HIS COMPLAINT, WITHIN THE STRICTURES OF FED. R. CIV. P. 11, HE MUST, WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THIS DECISION AND ENTRY, FIRST OBTAIN LEAVE OF COURT, WITH THE COURT RESERVING ITS RIGHT TO IMPOSE DEFENDANTS' PRIOR COSTS AGAINST HIM, WHICH MUST BE PAID PRIOR TO ANY REFILING; SHOULD PLAINTIFF'S FOURTH COMPLAINT BE SIMILARLY DEFECTIVE AS HIS FIRST THREE COMPLAINTS, THE FOURTH COMPLAINT WILL BE DISMISSED WITH PREJUDICE; TERMINATION ENTRY

This matter is before the Court pursuant to the Report and Recommendations of United States Magistrate Judge Peter B. Silvain, Jr. Doc. #68. Although notice regarding the filing of objections to this Report and Recommendations was given to *pro se* Plaintiff, the time for filing such objections under Fed. R. Civ. P. 72(b) has expired, and no objections were filed.

The Magistrate Judge has made the following recommendations:

(1) The Motion to Dismiss filed by Dominium Property Management, Karen Stegall, Kirsten Dottillis, Alicia Lake, Karen Kline and Douglass Turner ("Dominium Defendants"), Doc. #46, be granted and that Plaintiff's Third Complaint,[1] Doc. #39, be dismissed with prejudice for failure to comply with the Federal Rules of Civil Procedure;

(2) Defendant Larry Lasky's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. #40, for the same reasons Dominium Defendants Motion to Dismiss is recommended to be granted, is "denied without prejudice to renewal;"

(3) Plaintiff's Motion in Opposition to Defendant Lasky's Motion to Dismiss and to Strike Attorney Roderer's Motion to Dismiss Brief, Doc. #44, which the Magistrate Judge has construed as a response to the Lasky Motion, "be denied without prejudice to renewal;"

---

[1] The Court will refer to Plaintiff's latest filing as the Third Complaint. Doc. #39. His first two complaints, Doc. #1-2 and Doc. #31, will be referred to as Plaintiff's First Complaint and Second Complaint, respectively.

2

(4) Plaintiff's Motion for Summary Judgment, Doc. #54, "be denied without prejudice to renewal;" and

(5) The case be terminated on the Court's docket.

Doc. #68, PageID##1218-1220.[2]

The Report and Recommendations states that the case is before the Court pursuant to the Dominium Defendants' Motion to Dismiss, Doc. #46, and states that Defendant Lasky's Motion to Dismiss, Doc. #40, is ripe for review as is Plaintiff's Motion for Summary Judgment, Doc. #54, with a response, Doc. #63, and a reply, Doc. #64, having been filed. Doc. #68, PageID#1207. The Magistrate Judge further states that "[F]or the reasons explained [in the Report and Recommendations], the merits of these motions," and Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and to Strike Attorney Roderer's Motion to Dismiss Brief, Doc. #44, need not be addressed "because of the [Magistrate Judge's] recommendation" that Plaintiff's Third Complaint, Doc. #39, be dismissed with prejudice. *Id.* PageID#1207 and 1218-1219.[3]

For the reasons set forth below, the Court adopts in part and rejects in part the Report and Recommendations.

---

[2] Of course, should the Court grant leave to file a Fourth Complaint, motions previously filed at Doc. ##40, 44 and 54 may be renewed.

[3] Although the Report and Recommendations neglected to address the Joint Motion to Continue Defendants' Response to Document 65 filed by Plaintiff and Request for Status Conference, Doc. #66, for the reasons set forth in this Decision and Entry, said motion is overruled as moot.

3

Plaintiff's filings assert that he is a resident at Voyageur Apartments and received a notice of a rental increase. He claims discrimination because his Section 8 provider has refused to pay this increase. The First Complaint was filed on September 2, 2020, Doc. #1-2, and a "Proposed" Second Complaint on December 9, 2020. Doc. #31. Both Complaints were single spaced, in excess of 70 pages and contained allegations that were largely unintelligible, including references to admiralty law in the supporting memoranda. Motions were filed by Defendants challenging the deficiencies in the First Complaint and in the Second Complaint. Both of these Complaints included a request for "class action certification" and assertions that Plaintiff also represented third parties including "family members." On August 9, 2021, in response to Plaintiff's filing of his Second Complaint, the Magistrate Judge issued an Order stating that pursuant to Fed. R. Civ. P. 8, any complaint filed by Plaintiff must contain allegations that are "simple, concise and direct" and consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Doc. #35, PageID#536. It was further explained in the Order that because he was *pro se*, Plaintiff could not represent his family members or request class action certification. The Magistrate Judge stated that "[T]o the extent that Plaintiff only seeks to remove Defendants, Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. #21) is granted." *Id.* PageID#537. Plaintiff was advised in the Order that he could not "reserve the right to add the parties back." Doc. #35, PageID#537. Although he was ordered to

4

file his Third Complaint by August 26, 2021, it was not filed until September 14, 2021. Doc. #39.

In Plaintiff's Third Complaint he named nine Defendants including the Dominium Defendants, their attorney, two individuals previously dismissed from the First Complaint and an entity with an address in Minneapolis, Minnesota. Doc. #39. Like his First Complaint and his "Proposed" Second Complaint, the Third Complaint consisted of over 70 pages, was single-spaced and contained over 130 numbered paragraphs. Many of the paragraphs recited alleged verbatim conversations with certain Defendants, some apparently from an audio recording and others from 33 unattached written communications which were retyped and without any quotation marks. *Id.* As explained by the Magistrate Judge in his Report and Recommendations, "these 'reproduced' communications often continue on for several pages and contain references to both the facts and the law, making it difficult to discern whether Plaintiff is providing the contents of the communication as part of the underlying factual basis for his claims or if he is also attempting to use these communications to set forth his actual legal claim." Doc. #68, PageID#1214.

In response to Plaintiff's Third Complaint, the Dominium Defendants filed a Motion to Dismiss "for failure to prosecute" and violation of Fed. R. Civ. P. 8. Doc. #46. Alternatively, they moved "to Strike the Amended Complaint in its entirety pursuant to Rule 12(f)." *Id.* Plaintiff responded to this motion, Doc. #48, and the Defendants filed a reply. Doc. #51.

5

As a *pro se* litigant, Plaintiff's Third Complaint is to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89 127 (2007). A district court, however, "need not have infinite patience." *Kensu v. Corizon, Inc.*, 5 F. 4th 646, 653 (6th Cir. 2021).

In *Kensu*, the Court of Appeals affirmed the dismissal of a complaint for failure to comply with Rule 8. In doing so it stated

> This is a dismissal not for failure to plead facts that, if true, make the defendant's liability at least plausible. Rather, it is for Mr. Kensu's repeated failure to plead claims and allegations with clarity, because of which the defendants lacked "fair notice" of his claims and "the grounds upon which they rest." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). We therefore publish this opinion to set precedent for any future cases in this vein.

*Id.* at 650.

As explained by the Sixth Circuit, the original complaint in *Kensu* had 808 numbered paragraphs and repeated many of the same allegations from a related action. As a result, the district court "found it 'difficult to discern what conduct' was 'unnecessary background and what conduct's [wa]s being alleged'" and dismissed the complaint pursuant to Rule 8 but gave the plaintiff leave to amend. *Id.*, at 648. *Kensu* refiled his complaint which consisted of fewer pages and allegations as the result of "mere cosmetic changes (such as margin reduction)." *Id.* The district court reconsidered the complaint, provided a detailed explanation to the plaintiff for its dismissal and gave him one last opportunity to file a complaint that "clearly and concisely imputes concrete acts to specific defendants." *Id.* at 649. The third complaint, however, was no better and the

complaint was dismissed with prejudice. In reviewing the dismissal, the Court of Appeals noted "[T]he district court accurately explained why Mr. Kensu's pleading would cause both the court and the defendants undue difficulty in determining the claims and allegations actually at issue in this litigation." *Id.* The Appellate Court stated that although "the appropriate remedy is rarely immediate dismissal" for a violation pursuant to Rule 8, there is no abuse of discretion where there has been a "[P]ersistent or vexatious refusal to follow the rules," such as when a plaintiff has been given "multiple opportunities to fix the complaint" and has not complied. *Id.* at 653. Additionally, where "[T]he plaintiff's amended complaint indicates a basic inability or unwillingness to comply" and when the plaintiff has been warned by the district court that "a failure to comply will result in dismissal," the "harsh sanction of dismissal is appropriate." *Id.* In *Kensu*, the Court held that the district court "checked all these boxes" and that dismissal pursuant to Rule 8 was not an abuse of discretion. *Id.*

Here, there is no dispute but that Plaintiff's Third Complaint is little changed from his earlier versions. Admittedly, this most recent Complaint has omitted any request for "class certification" and references to his sons. However, the Third Complaint still includes statements of his "family's rights" and discrimination directed against his "family" and a demand for their damages. Doc. #39, PageID##547, 565, 596-600 and 604. Additionally, and in further contravention of the Court's Order, Plaintiff also appears to have added back to the Third Complaint two Defendants he previously dismissed, Ms. Magos and Ms. Morris.

7

*Id.*, PageID##547, 553-559. In response to the Motion to Dismiss, Plaintiff asserted that these violations were made in "good faith," and not in "defiance of the Court." Doc. #48, PageID#713. He argued that these errors occurred as the result of a "typo," *Id.*, "poor vision," *Id.* at 714, misspellings, *Id.*, at 718, and because he incorrectly "cut and pasted" all named Defendants. *Id*, PageID#713. Although his response requested an opportunity to amend his Third Complaint, *Id.*, PageID##718-720, Plaintiff did not indicate that he had any understanding of his continued violation of Fed. R. Civ. P. 8. Specifically, the Third Complaint, like the two earlier versions, intersperse "excerpts from case law and numerous statutory and regulatory provisions" with verbal and written communications allegedly made to him by certain Defendants without quotation marks or reference to exhibits. Doc. #68, PageID#1214. As a result, and as stated in the Report and Recommendations, the Third Complaint is impossible for a Defendant to admit or deny and respond with defenses pursuant to Fed. R. Civ. P. 8(b)(1). Doc. #68, PageID#1214.

    The Court finds that like *Kensu*, Plaintiff has shown a "[P]ersistent or vexatious refusal to follow the rules," was given two "opportunities to fix the complaint," failed to comply and has shown "a basic inability or unwillingness to comply." Unlike *Kensu*, however, he has not been warned that dismissal will result if he does not comply with Rule 8. *Id.* This distinction is why the Third Complaint herein is being dismissed without prejudice.

For the reasons set forth herein, and following this Court's thorough *de novo* review, including the applicable law, the Court ADOPTS in part and REJECTS in part said judicial filing.

The Court adopts the Report and Recommendations that the Motion to Dismiss filed by Dominium Defendants for failure to comply with Fed. R. Civ. P. 8, Doc. #46, be SUSTAINED and that the case be terminated on this Court's docket.

The Court REJECTS the Report and Recommendations that Plaintiff's Third Complaint, Doc. #39, be dismissed with prejudice and DISMISSES Plaintiff's Third Complaint WITHOUT PREJUDICE.

The Court REJECTS the Magistrate Judge's Report and Recommendations that Defendant Lasky's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. #40, Plaintiff's Motion in Opposition to Defendant Laskey's Motion to Dismiss and to Strike Attorney Roderer's Motion to Dismiss Brief, Doc. #44, and Plaintiff's Motion for Summary Judgment, Doc. #54, "be denied without prejudice to renewal." Of course, should the Court grant leave to file a Fourth Complaint, these motions may be renewed.

Accordingly, the Court OVERRULES as moot Defendant Lasky's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. #40, Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and to Strike Attorney Roderer's Motion to Dismiss Brief, Doc. #44, Plaintiff's Motion for Summary Judgment, Doc. #54, and the Dominium Defendants' Alternative Motion to Strike Pursuant to Fed. R. Civ. P. 12(f), Doc. #46.

The Court also OVERRULES as moot the Joint Motion to Continue Defendants' Response to Document 65 filed by Plaintiff and Request for Status Conference, Doc. #66.

Accordingly, the Motion to Dismiss, Doc. #46, for Plaintiff's Failure to Comply with Fed. R. Civ. P. 8 is SUSTAINED. Plaintiff's Third Complaint, Doc. #39, is DISMISSED WITHOUT PREJUDICE. However, should Plaintiff decide to refile his case, within the strictures of Federal Rule of Civil Procedure 11, he must, within fourteen (14) days from this date, first obtain leave of Court. The Court reserves the right to impose Defendants' prior costs against him, which must be paid prior to any refiling. Should the Court grant Plaintiff leave to refile and should the Fourth Complaint be similarly defective as his first three complaints, the Fourth Complaint will be dismissed, this time with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 23, 2022

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE